IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:24-cv-00003

| | |
|---|---|
| STARSAIL ADVENTURES, LLC; and CAROLINA DESTINATIONS, LLC; and AVANTSTAY SOUTHEAST, LLC,<br><br>Plaintiffs,<br><br>vs.<br><br>IREDELL COUNTY,<br><br>Defendant. | **PLAINTIFFS' REPLY MEMORANDUM IN RESPONSE TO DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION** |

## OVERVIEW

Plaintiffs seek an Order nullifying Iredell County's Short Term Rental ("STR") Ordinance which it had adopted on October 17, 2023 to go into effect on January 1, 2024 and seeking damages for Inverse Condemnation to the extent that the STR Ordinance was a "taking" of Plaintiffs' land.

Pending final Orders, Plaintiffs sought and are seeking to enjoin the enforcement of the STR Ordinance.

## PROCEDURAL POSTURE

On December 22, 2023 at 10:21 AM, Plaintiffs filed this action in Iredell County Superior Court File No. 23 CVS 3412 contesting Iredell County's STR Ordinance.

The previous day, December 21, 2023, a parallel suit contesting Iredell

County's Short Term Rental Ordinance was filed against Iredell County in Iredell County Superior Court contesting Iredell County's STR Ordinance in Lawrence v. Iredell County, File No. 23 CVS 3407 (True Copy of Verified Complaint attached hereto Exhibit A)(hereinafter, "*Lawrence*").

Both State Court cases were both docketed to be heard at 11 AM on December 22, 2023 on the private parties' prayer for a Preliminary Injunction to enjoin Iredell County's enforcement of the STR Ordinance.

Following the opening of Court, the Plaintiffs in both cases along with Iredell County as Defendant in both cases entered into a "Memorandum of Judgment/Order" filed at 11:45 AM on December 22, 2023 which was captioned with both Lawrence and Plaintiff Starsail as the named Plaintiffs under both Iredell County File numbers 23 CVS 3412 and 3407 (Document 1-4).

The Memorandum of Judgment/Order set the matter on for hearing during the January 2, 2024 term of Superior Court and stated that in both cases "The County shall not seek enforcement of the 10-17-23 STR Ordinance pending that preliminary injunction." (Document 1-4).

The Preliminary Injunction hearing was set during the January 2, 2024 term of Superior Court to be heard on January 5, 2024.

On January 4, 2024, Iredell County informed Plaintiffs that it had filed a Removal of the above captioned matter to Federal Court.

On January 5, 2024, Hon. Tonia A. Cutchin, Judge of the Superior Court, heard the Preliminary Injunction Motion in *Lawrence* including live testimony from

the Plaintiff, Grant Lawrence who was cross examined by the attorney for Iredell County. Following the hearing of evidence, consideration of Briefs by both sides, and arguments of counsel for both sides, Judge Cutchin enjoined Iredell County from enforcing the STR Ordinance against "all short term rentals" in Iredell County. The Order has not been signed by Judge Cutchin, but a copy of the Transcript of the *Lawrence* Order as announced in open Court on January 5, 2024 is attached hereto as Exhibit B.

On January 8, 2024, the Court in the case at bar "the State Court's prohibition on enforcement of the Zoning Ordinance continues pending resolution of the PI motion." (Doc. 7).

## ADDITIONAL FACTUAL BACKGROUND

In addition to the Facts presented in the Removed File, Plaintiff obtained affidavits from Plaintiff AvantStay Southeast, LLC by its General Counsel (Exhibit C) and from Plaintiff Carolina Destinations by its Broker in Charge (Exhibit D) which were not made a part of the State Court file presented to the Federal Court because they were obtained after the Notice of Removal was announced to Plaintiffs – for that reason, the affidavits were referenced in Plaintiffs' State Court Brief but could not be filed due to the Notice of Removal.

As a broker in charge, Miller through his Plaintiff company, Carolina Destinations, is a property manager are regulated by the North Carolina Real Estate Commission, a fact that was also found by Judge Cutchin in the *Lawrence* State Court Preliminary Injunction; violation of Iredell County Ordinances by a

regulated real estate broker such as Plaintiff would subject the violating broker to sanctions by the North Carolina Real Estate Commission.

Owners of the STR properties managed by both Carolina Destinations and AvantStay expended vast amounts of money upfitting their houses to be used for STRs, depending on the lack of zoning or other regulation by Iredell County in doing so. In addition, many of the managed properties had reservations made far in advance of January 1, 2024 and, in fact made prior to the October, 2023 adoption of the STR Ordinance by Iredell County. The total of reservations logged by AvantStay was $1.7 million as of the date of the affidavit. This is backed up by the verified Complaint of Lawrence (Exhibit A).

The affidavits, along with the Lawrence verified Complaint, assert and establish for purposes of a Preliminary Injunction, that the restrictions placed on STRs by the STR Ordinance would significantly reduce the marketability of STRs under their ownership or management with incalculable impact as to resale value or rental value or both.

None of the properties managed by Plaintiffs have had verified violations during a 12 month time period or are within the top ten percent (10%) of properties with crime or disorder problems by law enforcement.

Iredell County, presumably in response to the Cutchin State Court Order in Lawrence, has posted on its Planning and Zoning Department website that "the County has been ordered to cease enforcement of its zoning regulations pertaining to short-term vacation rentals pending final adjunction [sic] of the matter." (Exhibit

E).

While the County employee's affidavit asserts various complaints from the citizenry at large, no evidence was presented that any of the Plaintiffs or properties that they manage in either the instant case or Lawrence were the targets of public complaints regarding "large parties, an excessive number of guests for a particular dwelling, lack of parking for neighboring property owners, and the inability of neighboring property owners to contact someone other than law enforcement to remedy the problems." In fact, the County affidavit lauds Plaintiffs as barring large events, barring on-site parties, and otherwise being good managers of their STRs.

## ARGUMENT AND CITATION TO AUTHORITY

**County is Collaterally Estopped from Defending Ordinance pending Adjudication of the State Court Case.** Iredell County is collaterally estopped from getting a "second bite at the apple" by removing the case at bar from the State Court which subsequently enjoined the County from enforcing the STR Ordinance pending adjudication of the Lawrence case.

The Court may examine the issues raised in Lawrence to determine if there is adequate factual overlap to find that the order against Iredell County collaterally estops it from pursuing the case at bar in a separate Federal action.

The terms of the Court's announced Preliminary Injunction in *Lawrence*, though leave little doubt: Judge Cutchin enjoined Iredell County from enforcing the STR Ordinance against "all short term rentals" in Iredell County which would include those owned or managed by Plaintiffs in the current case.

"The companion doctrines of *res judicata* and collateral estoppel have been developed by the courts … to serve the present-day dual purpose of protecting litigants from the burden of relitigating previously decided matters and of promoting judicial economy by preventing needless litigation." *Thomas M. McInnis & Assocs., Inc. v. Hall*, 318 N.C. 421, 427, 349 S.E.2d 552, 556 (1986). In particular, collateral estoppel "'is designed to prevent repetitious lawsuits over matters which have once been decided and which have remained substantially static, factually and legally.'" *King v. Grindstaff*, 284 N.C. 348, 356, 200 S.E.2d 799, 805 (1973) (quoting *Comm'r v. Sunnen*, 333 U.S. 591, 599, 68 S. Ct. 715, 92 L. Ed. 898, (1948)). "'[W]hen a fact has been agreed upon or decided in a court of record, neither of the parties shall be allowed to call it in question, and have it tried over again at any time thereafter, so long as the judgment or decree stands unreversed.'" *Id.* at 355, 200 S.E.2d at 804(quoting *Masters v. Dunstan*, 256 N.C. 520, 523-24, 124 S.E.2d 574, 576 (1962)); *see also State v. Summers*, 351 N.C. 620, 622, 528 S.E.2d 17, 20 (2000) (citing this principle specific [***6] to collateral estoppel). "[U]nder the doctrine of collateral estoppel, when an issue has been fully litigated and decided, it cannot be contested again between the same parties, even if the first adjudication is conducted in federal court and the second in state court." *McCallum v. N.C. Co-op. Extension Serv.*, 142 N.C. App. 48, 52, 542 S.E.2d 227, 231 (2001) (citing *King*, 284 N.C. at 359, 200 S.E.2d at 807)). *First Recovery, LLC v. Unlimited Rec-Rep, LLC*, 287 N.C. App. 620, 884 S.E.2d 172 (2023).

There is no indication of an appeal being filed by Iredell County and its

website posting strongly suggests that it is prepared to wait for adjudication in the *Lawrence* case.

**Plaintiffs are entitled to a Preliminary Injunction against the enforcement of the STR Ordinance.** Ignoring the principles of collateral estoppel and the State Court's ruling in *Lawrence*,

Plaintiffs aver that, as found by the State Court in *Lawrence*, "that (1) they are likely to succeed on the merits, (2) they are likely to suffer irreparable harm, (3) the balance of hardships tips in their favor, and (4) the injunction is in the public interest." *Pashby v. Delia*, 709 F.3d 307, 320 (4th Cir. 2013)" to quote Defendant's Brief.

<u>Likelihood of Success</u>. Without restating the assertions in Plaintiffs' Brief, the STR Ordinance violates recodified re-codified N.C. Gen. Stat. § 160(A)-424(c) as N.C. Gen. Stat. § 160(D)-1207(c) on the face of the statute and under the interpretation of it by *Schroeder v. City of Wilmington*, 282 N.C. App. 558 (2022)("*Schroeder*"). Under *Schroeder*, whether the ordinance is couched in terms of a "permit" or a "registration" or as a zoning ordinance, building code provision or any other nomenclature, in the absence of the statutory exceptions to the general rule (criminal activity, repeat violations), registrations and permitting are impermissible under Statue and the County, as a political subdivision of the State, is governed by Statute.

The "vested rights" aspect is addressed in Plaintiffs' initial brief. The affidavits submitted herewith show (which the County knew of through the

*Lawrence* verified Complaint and testimony) that property owners made substantial investments in reliance on their ability to rent out STRs.

If either the theories of "vested rights" or violation of N.C. Gen. Stat. § 160(D)-1207(c) stand, as they did in the State Court *Lawrence* Order, then the Court does not need to reach any of the constitutional issues or issues regarding inverse condemnation raised in the absence of any evidence that the adoption of the ordinance itself devalued STR properties – Plaintiffs reserve the right to submit proof of such at the appropriate time.

<u>Irreparable harm</u>.  The diminution of value due to the inability to rent to larger groups is essentially incalculable.  Without an inventory of actual rentals to determine the number of persons who would actually occupy the rented STR, the cash flow loss is difficult to establish – although it could be done with a thorough evaluation of every member of the Class, were a Court to certify class in this matter.

However, the irreparable harm is not limited to "mere" monetary damages: if a short term rental manager manages who is regulated by the NC Real Estate Commission as all property managers are, property that has not been properly registered or permitted, then such property manager including Plaintiffs, risks violating the STR Ordinance with resulting sanctions by the NC Real Estate Commission or potential liability in the event that someone is harmed by an STR tenant in an "over-loaded" STR.

Because of the failure of the County to adopt the exclusions of the State

Statute as to exemptions as set out in the Plaintiffs' initial Brief such as exempting primary residences, the STR statute applies to any apartment with month-to-month leases – a Class of literally thousands in Iredell County. As an example, if a large apartment complex allows just one of its apartments to be leased on a month to month basis, particularly if such rental was to a "short term" tenant who was in Iredell for business purposes and maintained a residence somewhere else, then under the Iredell STR, the entire complex would have to register – and then would probably be out of compliance with the Ordinance on its face for having multiple STRs on the same premises.

<u>Balance of hardships</u>. Again, ignoring Iredell County being collaterally estopped from relitigating the Lawrence case and its injunction against enforcement of the STR Ordinance, the balancing called for in caselaw shows that there are an unknown number of complaints about large parties, parking issues, etc. arising out of isolated STR rentals.

On the other hand, just the three Plaintiffs, out of potentially hundreds if not thousands (especially if the permanent residence exemption is not honored) show dozens of properties where the damage from the ordinance would be severe – as well as the potential for errors and omissions and sanctionable actions being inadvertently engaged in by innocent real estate brokers. Here is yet another example: frequently in residential closings where there is a downstream or upstream delay in a collateral closing or financing, real estate brokers will negotiate a lease to bridge the gap – a bridge that typically is for much less than 90 days (the

STR definition). Because there are no primary residence exemptions, the real estate broker may have to advise their Seller to register the property under the STR ordinance; failing such the real estate broker may be subject to liability or NC Real Estate Commission sanction.

Enjoining Iredell County during the pendency of the Lawrence and instant actions places little to no burden on Iredell County. Irate neighbors can (and should) call law enforcement regarding noisy, drunken and boisterous STR tenants – the Ordinance really does not address anything that is not currently addressed by existing noise ordinances.

Public interest. The public is not limited to the squeaky wheels that are able to get the attention of elected County Commissioners. As set forth in the Plaintiffs' Brief, the public also includes those folks who would like access to Lake Norman which is regulated by Duke Energy under the FERC authorization to provide for recreational use of Lake Norman. Like ocean-front property, Lake Norman land, as can be seen by the affidavit setting out the $1,7 million in rentals for a fairly small collection of STRs, has gotten so expensive that the only way the generally public can enjoy a weekend on the Lake is a short term rental. And the only way the nicer homes can be rented is if families go in together for the rental amounts.

**Severance**. As the various sets of Minutes show, Iredell County's Commissioners were advised that the entire ordinance might not stand. Could Iredell County rescind all or part of its STR ordinance and start afresh? That is a political question. Can the Courts? That would be a legal question and, unlike in

*Schroeder*, the governing authority did not provide an internal severance clause.

**Subject Matter Jurisdiction**. While not stated as an "Alternative Claim", the inverse condemnation claim under the United States Constitution is called into play <u>only</u> if the State Constitutional inverse condemnation claim fails. Plaintiffs' Brief sets forth the ample Constitutional and caselaw grounds for inverse condemnation under North Carolina law and its Constitution.

The U.S Supreme Court in *Grable & Sons Metal Prods. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 125 S. Ct. 2363 (2005)("*Grable*") addressed the issue of when a "federal question" between non-diverse parties: "It has in fact become a constant refrain in such cases that federal jurisdiction demands not only a contested federal issue, but a substantial one, indicating a serious federal interest in claiming the advantages thought to be inherent in a federal forum." *Grable* at 313.

*Grable* goes on to say that "But even when the state action discloses a contested and substantial federal question, the exercise of federal jurisdiction is subject to a possible veto. For the federal issue will ultimately qualify for a federal forum only if federal jurisdiction is consistent with congressional judgment about the sound division of labor between state and federal courts governing the application of [28 U.S. Code §] 1331." *Grable* at 314.

The court, upon a Motion to Remand, may choose to remand some of the Claims and then stay the federal proceedings on the "removed" claims pending resolution of the remanded State Court claims. Such an approach might be a good one if the Court was not inclined to determine the absence of a "substantial" Federal

Claim given that the federal constitutional claims will probably not be reached due to their being case and Constitutional support for any inverse condemnation claims to be wholly addressed under North Carolina law in her own State Courts.

## CONCLUSION

Plaintiffs pray the Court to find that Iredell County is collaterally estopped from relitigating this matter in an action separate from the Lawrence Court's State Court Order and, if such Order does not bar re-litigation, enjoin Iredell County during the pendency of this matter from enforcing the STR Ordinance.

This the 29th day of January, 2024.

DAVID P. PARKER, PLLC
/s/ David P. Parker
David P. Parker (NC Bar No. 8927)
248 East Broad Street
Statesville, NC 28677
Telephone: 704-871-0300
Fax: 704-495-6115
davidln@me.com
Attorneys for Plaintiffs

## CERTIFICATE OF PAGE LIMIT

The undersigned hereby certifies that the foregoing memorandum of law contains less than twelve (12) pages.

DAVID P. PARKER, PLLC
/s/ David P. Parker
David P. Parker (NC Bar No. 8927)
248 East Broad Street
Statesville, NC 28677
Telephone: 704-871-0300
Fax: 704-495-6115
davidln@me.com
Attorneys for Plaintiffs