IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:24-cv-00003

| | |
|---|---|
| STARSAIL ADVENTURES, LLC; and CAROLINA DESTINATIONS, LLC; and AVANTSTAY SOUTHEAST, LLC,<br><br>Plaintiffs,<br><br>vs.<br><br>IREDELL COUNTY,<br><br>Defendant. | **PLAINTIFFS BRIEF SUPPORTING PLAINTIFFS' MOTION TO REMAND** |

Plaintiffs show the following in support of their Motion to Remand.

## BOTTOM LINE UP FRONT

Plaintiff filed suit to invalidate a Short Term Rental ("STR") Ordinance adopted by Defendant Iredell County. Enforcement of the STR Ordinance was stayed by Consent pending a hearing on Preliminary Injunction in the case at bar plus a parallel case of Lawrence v Iredell County ("*Lawrence*").

The case at bar was removed the day before the Preliminary Injunction hearing, but the *Lawrence* case stayed in State Court and was heard on January 5, 2024 at which time the State Court enjoined Iredell County's enforcement of the STR Ordinance pending final resolution of the matter.

## BRIEF PROCEDURAL HISTORY

On December 22, 2023 at 10:21 AM, Plaintiffs filed this action in Iredell

County Superior Court File No. 23 CVS 3412 contesting Iredell County's STR Ordinance.

The previous day, December 21, 2023, a parallel suit contesting Iredell County's Short Term Rental Ordinance was filed against Iredell County in Iredell County Superior Court contesting Iredell County's STR Ordinance in Lawrence v. Iredell County, File No. 23 CVS 3407 ("*Lawrence*").

Both State Court cases were both docketed to be heard at 11 AM on December 22, 2023 on the private parties' prayer for a Preliminary Injunction to enjoin Iredell County's enforcement of the STR Ordinance.

Following the opening of Court, the Plaintiffs in both cases along with Iredell County as Defendant in both cases entered into a "Memorandum of Judgment/Order" filed at 11:45 AM on December 22, 2023 which was captioned with both Lawrence and Plaintiff Starsail as the named Plaintiffs under both Iredell County File numbers 23 CVS 3412 and 3407 (Document 1-4).

The Memorandum of Judgment/Order set the matter on for hearing during the January 2, 2024 term of Superior Court and stated that in both cases "The County shall not seek enforcement of the 10-17-23 STR Ordinance pending that preliminary injunction." (Document 1-4).

The Preliminary Injunction hearing was set during the January 2, 2024 term of Superior Court to be heard on January 5, 2024.

On January 4, 2024, Iredell County informed Plaintiffs that it had filed a Removal of the above captioned matter to Federal Court and filed Notices of

Removal.

On January 5, 2024, Hon. Tonia A. Cutchin, Judge of the Superior Court, heard the Preliminary Injunction Motion in *Lawrence* including live testimony from the Plaintiff, Grant Lawrence who was cross examined by the attorney for Iredell County. Following the hearing of evidence, consideration of Briefs by both sides, and arguments of counsel for both sides, Judge Cutchin enjoined Iredell County from enforcing the STR Ordinance against "all short term rentals" in Iredell County. The Order has not been signed by Judge Cutchin, but a copy of the Transcript of the *Lawrence* Order as announced in open Court on January 5, 2024 is attached to the Responsive Brief on Preliminary Inunction as Exhibit B.

The removal is based Claim is based solely on federal question as raised in the Complaint in the event that the State Court did not find a claim for inverse condemnation under either North Carolina law or its Constitution.

Plaintiffs' Brief sets forth the ample Constitutional and caselaw grounds for inverse condemnation under North Carolina law and its Constitution.

The U.S Supreme Court in *Grable & Sons Metal Prods. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 125 S. Ct. 2363 (2005)("*Grable*") addressed the issue of when a "federal question" between non-diverse parties: "It has in fact become a constant refrain in such cases that federal jurisdiction demands not only a contested federal issue, but a substantial one, indicating a serious federal interest in claiming the advantages thought to be inherent in a federal forum." *Grable* at 313.

*Grable* goes on to say that "But even when the state action discloses a

contested and substantial federal question, the exercise of federal jurisdiction is subject to a possible veto. For the federal issue will ultimately qualify for a federal forum only if federal jurisdiction is consistent with congressional judgment about the sound division of labor between state and federal courts governing the application of [28 U.S. Code §] 1331." *Grable* at 314.

The court, upon a Motion to Remand, may choose to remand some of the Claims and then stay the federal proceedings on the "removed" claims pending resolution of the remanded State Court claims. Such an approach might be a good one if the Court was not inclined to determine the absence of a "substantial" Federal Claim given that the federal constitutional claims will probably not be reached due to their being case and Constitutional support for any inverse condemnation claims to be wholly addressed under North Carolina law in her own State Courts.

## RULING OR RELIEF BEING REQUESTED.

For all of the foregoing reasons, Plaintiffs pray the Court to remand the above captioned matter to the State Court of North Carolina, County of Iredell, Superior Court Division and consider awarding Plaintiffs payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal, and grant any and all further relief that this Court deems to be reasonable and appropriate under the circumstances.

Respectfully submitted this the 29th day of January, 2024.

                                                DAVID P. PARKER, PLLC
                                                /s/ David P. Parker
                                                David P. Parker (NC Bar No. 8927)

248 East Broad Street
Statesville, NC 28677
Telephone: 704-871-0300
Fax: 704-495-6115
davidln@me.com
Attorneys for Plaintiffs